IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PENELOPE MCMELLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-CV-00571-MDH |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Penelope McMellen ("Plaintiff's") appeal of Defendant Social Security Administration Commissioner's ("Defendant's") denial of her application for child's insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("the Act"). Plaintiff exhausted her administrative remedies, and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the administrative law judge's (ALJ's) decision is supported by substantial evidence and is therefore **AFFIRMED**.

## BACKGROUND

Plaintiff filed her application for child's insurance benefits based on disability on February 1, 2019 and her application for supplemental security income benefits on January 7, 2019. In both, Plaintiff alleged a disability onset date beginning September 13, 1996, though this date was amended to June 18, 2017. (Tr. 14). Plaintiff alleged disability based on a variety of mental health conditions. Plaintiff's applications were initially denied and Plaintiff sought a hearing with the ALJ, which occurred on August 11, 2021 and again on November 17, 2021. The ALJ issued her opinion on December 28, 2021, finding that Plaintiff is not disabled for purposes of the Act.

1

Specifically, the ALJ found that Plaintiff has the severe impairments of borderline intellectual functioning, psychotic disorder, personality disorder, and depressive disorder. (Tr. 17). The ALJ also found that Plaintiff has the residual functioning capacity (RFC) to perform a full range of work at all exertional levels with some additional non-exertional limitations. (Tr. 19-20). The ALJ also found Plaintiff is able to perform the duties of a variety of specific jobs, like laundry worker, cleaner, and garment sorter, which exist in sufficient numbers in the national economy. (Tr. 23). Plaintiff then sought review from the Appeals Council, which was denied. (Tr. 1). The ALJ's decision is accordingly the final decision of the Commissioner, over which this Court has judicial review. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3).

Plaintiff seeks this Court's review on two issues. First, Plaintiff contends that the ALJ improperly dismissed the opinion of consulting psychologist John Keough by failing to sufficiently discuss the factors of consistency and supportability, as required by regulation. Second, Plaintiff argues that the ALJ further erred when she found Dr. Bucklew's opinion persuasive, but failed to explain why the ALJ's mental RFC diverged from some limitations identified by Dr. Bucklew. In response, Defendant generally argues that substantial evidence supports the ALJ's decision.

**STANDARD**

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence

that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007). Incorrect application of a legal standard is grounds reversal, *Ford v. Heckler*, 754 F.2d 792 (8th Cir. 1985), but the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006). Finally, while a deficiency in opinion writing is not enough to merit reversal where it has no practical effect on the outcome, incomplete analyses, inaccuracies, and unresolved conflicts of evidence may be a basis for remand. *Reeder v. Apfel*, 213 F.3d 984, 988 (8th Cir. 2000).

## DISCUSSION

Plaintiff argues that the ALJ failed to meet the minimum articulation requirements when assessing the medical opinion provided by Mr. John Keough, a licensed psychologist who evaluated Plaintiff in March 2019 at the request of the Social Security Administration. Mr. Koeugh concluded in relevant part that Plaintiff could concentrate, adjust to changes, respond to supervisors, and remain productive for at least one year at the "sheltered workshop level of employment." (Tr. 614). The ALJ found this opinion unpersuasive, because the opinion is

3

inconsistent with other medical opinion from Drs. Bucklew and Andert, who question the validity of the intelligence testing on which Mr. Keough's opinion is partially based. (Tr. 22). The ALJ also notes that Mr. Keough's intelligence testing is at odds with previous academic achievement, including a high school diploma and some college. *Id*. The ALJ also indicated Mr. Keough's opinion was unpersuasive because it was based on a one-time examination. *Id*.

By law, the ALJ must provide a description of the persuasiveness of medical opinions. *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b). This description must include a discussion about the degree to which the specific medical opinion evidence is supported by and consistent with itself as well as the record evidence as a whole. *Id*. Evidence that is supported and consistent, tends to be more persuasive. *Id*.

Here, the ALJ adequately describes the supportability and consistency of Mr. Keough's opinion. The ALJ notes that the opinion is unpersuasive because it is methodologically limited in that it is largely based on a one-off examination of Plaintiff. The ALJ specifically references that the IQ test administered by Mr. Keough produced significantly different (lower) results than a previous test and that Mr. Keough's test appears at odds with Plaintiff's academic achievement, including a high school degree and some college-level courses. The ALJ also found the opinion unpersuasive because Mr. Keough appears to have been unaware of previous IQ test results, or at a minimum, fails to address and/or reconcile such prior testing in the opinion. While the ALJ's ruling specifically references Mr. Keough's opinion in only one paragraph (Tr. 22), the ALJ elsewhere provides a much fuller description of the inconsistency between the IQ test administered by Mr. Keough and prior testing results. (Tr. 21). The ALJ's fuller description of the differences in IQ test results shows, contrary to Plaintiff's assertions, the ALJ's findings are not conclusory, so to run afoul of relevant regulations. Collectively, the ALJ's various references to Mr. Keough's

4

findings and discussion of the limitations shows the ALJ has meet the burden of discussing supportability and consistency.

Plaintiff next argues that the ALJ erred when she failed to explain the exclusion of certain functioning limitations from the opinion of Dr. Bucklew, despite finding Dr. Bucklew's opinion generally persuasive. Specifically, Plaintiff claims that the ALJ, without sufficient explanation, omitted from Plaintiff's RFC Dr. Bucklew's limitations that Plaintiff could: 1) "complete tasks with fixed instruction"; and 2) "relate appropriately to coworkers and supervisors in small numbers for short periods of time." (Tr. 115, 130). Social Security Ruling 96-8p requires that the ALJ offer an explanation as to material conflict between persuasive medical evidence and the ALJ's RFC.

While Dr. Bucklew did find Plaintiff could "complete tasks with fixed instruction," as Defendant argues, Dr. Bucklew also found Plaintiff can "adapt to routine changes in the workplace…in most situations." (Tr. 115, 130). This Court has previously held that an RFC accounts for "fixed instruction" when the plaintiff can adapt to occasional workplace changes. *Hendrix v. Kijakazi*, 2022 WL 4534962 at *5 (W.D. Mo. Sep. 28, 2022). Further, the ALJ's RFC specifically found that plaintiff can "have occasional interaction with supervisors, co-workers, and the public" and can "understand, remember, and carry out simple instructions, and can make simple work-related decisions." (Tr. 19-20). This Court agrees with Defendant that differences between language used in ALJ's RFC and language relied upon by Dr. Bucklew are at most minor and do not amount to grounds for reversal.

Plaintiff next argues that the ALJ erred when she failed to account in the RFC for Dr. Bucklew's finding that Plaintiff could "relate appropriately to coworkers and supervisors in small numbers for short periods of time." (Tr. 115, 130). Plaintiff acknowledges that the ALJ's RFC limits Plaintiff to "occasional interaction with supervisors, co-workers, and the public." (Tr. 20).

5

Plaintiff relies heavily on the District Court's opinion in *Cook* for her position that the ALJ has failed to take into account Dr. Bucklew's contemplated limitation. *Cook v. Kijakazi*, 2022 WL 4117028 at *3 (W.D. Mo. Sep. 9, 2022). But, as Defendant argues, the facts in *Cook* are sufficiently distinguishable from the facts at issue here. In *Cook*, the Court expressed concern that Plaintiff could not work near other people, engage in extensive interpersonal communication, or handle complaints from dissatisfied customers. *Cook* at *3. In the present case, no such concerns exist. Instead, Dr. Bucklew found that Plaintiff "generally relates appropriately to co-workers and supervisors," but that social interaction should not be "a *primary* job requirement." (Tr. 115, 130) (emphasis added). Additionally, the RFC's condition that Plaintiff be limited to "simple instructions" and "simple work-related decisions," while avoiding "fast-paced production work" is sufficient to account for, and not inconsistent with, Dr. Bucklew's finding that Plaintiff is able to "complete tasks with fixed instructions, usual supervision, and limited interaction with others." (Tr. 130). To the extent linguistic differences exist between the opinion of Dr. Bucklew and the ALJ's RFC, these differences are immaterial rather than grounds for reversal.

## CONCLUSION

For foregoing reasons, this Court finds substantial evidence supports the ALJ's ruling, which is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: September 28, 2023        */s/ Douglas Harpool*
                                 **DOUGLAS HARPOOL**
                                 **United States District Judge**